## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**PATRICIA DELL**                                                                         **PLAINTIFF**

**vs.**                              **Case No. 2:09CV000012 BSM**

**WEATHERFORD U.S., L.P.**                                                **DEFENDANT**

## ORDER

Defendant Weatherford U.S., L.P. ("Weatherford") moves to compel the return of confidential and proprietary business information by plaintiff Patricia Dell pursuant to Federal Rule of Civil Procedure 26(c)(1)(g) (Doc. No. 12). Dell has responded (Doc. Nos. 19, 20), and Weatherford has replied (Doc. No. 21). For the reasons set forth below, Weatherford's motion is granted.

During her July 27, 2009 deposition, Dell admitted that upon her termination by Weatherford, she took eight different packets of information related to Weatherford job sites, job instructions, and cost estimate information that details company site procedures and chemical testing requirements. Deposition of Patricia Dell ("Dell depo."), attached at Exhibit 1 to Defendant's motion to compel ("Deft.'s mot."), 11-21. She also admitted that she took a safety awareness handbook, a training record, and a technical manual from Weatherford. *Id.* She stated that she planned to reference these materials if another oil company hired her. Dell depo., 21-22.

When she began working for Weatherford, Dell signed a confidentiality statement that acknowledged that all of these documents are confidential and the property of Weatherford.

Agreement Regarding Employment ("the agreement") attached at Exhibit 2 to Deft.'s mot. The agreement also forbids removal of these documents from Weatherford's offices. *Id*. Upon her termination, Dell signed a termination checklist that certified that she had returned all proprietary information and Weatherford property. Termination checklist attached at Exhibit 3 to Deft.'s mot.

Weatherford made several attempts to resolve this matter before filing its motion. Letters attached at Exhibits 4 and 5 to Deft.'s mot.; E-mail attached at Exhibit 6 to Deft.'s mot. Dell did not respond to these requests, but argues in her response to Weatherford's motion that these documents contain information relevant to the performance of her job, which is relevant to her case. Brief in support of plaintiff's response to motion to compel ("Pltf's resp."), 1. Dell also offers a copy of a handbook acknowledgment that she signed at the beginning of her employment, which states that she was an at-will employee of Weatherford. Handbook acknowledgment attached at Exhibit A to Pltf.'s resp. Although Dell's argument is unclear, she seems to argue that her at-will status means that she had no obligation to return these documents to Weatherford.

Dell also offers a protective order that allows her to keep the documents but forbids her from disclosing any of their content to any outside parties and for any purpose other than prosecution of this case. Proposed protective order attached at Exhibit B to Pltf.'s resp.

Weatherford replies that, regardless of Dell's at-will employment status, the agreement still requires Dell to return the documents to Weatherford. Defendant's reply to

response to motion to compel, 1.  Weatherford also assures that it will produce any documents that are relevant to the case, subject to an agreed-upon protective order. *Id*. at 2.

Because Dell is clearly bound to return these documents, she is directed to return all originals and copies of any documents containing proprietary and confidential information that she admittedly removed upon her termination.  Although the discovery deadline has passed, should Dell request discovery of these materials from Weatherford, the parties may, in good faith, negotiate a protective order and submit it for consideration.  At that time, Dell may obtain discovery of these documents.

IT IS SO ORDERED this 14th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE